ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 17-1901 T / 1902 T
(Senior Judge Nancy B. Firestone)

FILED
FEB - 1 2018
U.S. COURT OF
FEDERAL CLAIMS

CARY ZOLMAN

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims, Defendant, the United States, moves to dismiss this consolidated case for lack of subject-matter jurisdiction. Defendant's motion is supported by the following factual grounds and legal principles:

## BACKGROUND

The factual information in the following background is based on documents in the public record and allegations in Plaintiff's Complaints, which the United States accepts as true for purposes of this motion. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993).

In these consolidated cases,[1] Plaintiff Cary Zolman alleges the Internal Revenue Service "did not and does not have jurisdiction" to place federal tax liens on Plaintiff's property. (17-1901 T Compl. ¶ 1, 17-1902 T Compl. ¶ 1.) According to the Complaints, the Internal Revenue

---

[1] Plaintiff filed two Complaints, pro se, in the Court of Federal Claims on December 6, 2017. (*See* 17-1901 T, 17-1902 T.) On January 23, 2018, the Court granted Plaintiff's motions for leave to proceed in forma pauperis and consolidated the cases into the lead case, 17-1901 T. (*See* 17-1901 T, Docket No. 6.)

Received - USCFC
FEB - 1 2018

1

Service "placed a Federal Tax Lien" of $706.538.79 and $3,855.30 on Plaintiff's property. (*See* 17-1901 T Compl. ¶ 1, 17-1902 Compl. ¶ 1.) Plaintiff contends a United States Tax Court order "stat[es] the IRS does not have jurisdiction in the year the lien is filed." (17-1901 T Compl. ¶ 1, 17-1902 T Compl. ¶ 1.)

In each Complaint's "Statement of the Claim," Plaintiff generally alleges that the liens placed on his property were wrongful and he is "innocent of the charges" the United States wrongfully assessed against him. (See ¶ 4). In the 17-1902 T Complaint, Plaintiff names an individual agent of the IRS, Jennifer Henderson, and alleges this person "has placed a knowingly and mulish lien against me." (17-1092 T ¶ 1.) As a result of the Defendant's purportedly wrongful actions, Plaintiff claims he has "been and is still being damaged by the United States because the United States is still in contempt of court." (17-1901 T Compl. ¶ 1, 17-1902 T Compl. ¶ 1.) Plaintiff requests that this Court order the United States to remove the liens. (*See* ¶ 4.) Plaintiff also seeks relief in the amounts of $706,538.79 and $100,000. (17-1901 T Compl. ¶ 5, 17-1902 T Compl. ¶ 6.)

## ARGUMENT

Pro se pleadings should be broadly construed and held to "less stringent standards than formal pleadings drafted by lawyers." *McNeil v. United States*, 78 Fed. Cl. 211, 215 (2007) (internal quotation marks and citation omitted). However, "the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007); *see also Blue v. United States*, 111 Fed. Cl. 812, 815, 817 (2013).

Before a federal court can consider the merits of a claim, subject-matter jurisdiction must be properly established. *See Steel Co. v. Citizens for a Better Ev't*, 523 U.S. 83, 89 (1998).

Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998).

Like all federal courts, the United States Court of Federal Claims is a court of limited jurisdiction. *See Cooper v. United States*, 123 Fed. Cl. 226, 231 (2015); *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998). The Tucker Act, 28 U.S.C. §1491, expressly waived the sovereign immunity of the United States with respect to certain monetary claims against the United States government. *See* 28 U.S.C. § 1491(a)(1); *Cooper*, 123 Fed. Cl. at 231.

In relevant part, the Tucker Act provides the Court of Federal Claims with jurisdiction over:

> any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act does not create independent substantive rights. *Cooper*, 123 Fed. Cl. at 231. Therefore, to come within the Tucker Act's jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (internal quotation marks omitted). Indeed, the claim "must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (internal quotation marks and citations omitted).

Returning to the consolidated cases, Plaintiff has failed to identify a money-mandating statute or regulation that extends jurisdiction to this Court under the Tucker Act. *See Fisher v.*

3

*United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (explaining to satisfy this Court's jurisdictional requirement, "the plaintiff need only make a non-frivolous allegation that the statute or regulation may be interpreted as money-mandating"). Neither Complaint identifies sources of law or other authority upon which Plaintiff relies. The primary focus of the Complaints relates to the execution of federal tax liens on Plaintiff's property.

Plaintiff contends an order from the United States Tax Court supports Plaintiff's proposition that the IRS lacked authority to execute federal tax liens. A search of the United States Tax Court docket revealed a petition that corresponds to the docket number referenced by Plaintiff.[2] The Tax Court dismissed that case for lack of jurisdiction because, according to the order, Plaintiff had not received a notice of deficiency under 26 U.S.C. § 6213. *See Cary A. Zolman v. Commissioner*, No. 22452-15 L (U.S.T.C. May 11, 2016). Nonetheless, the merits of the Tax Court's order have no bearing on this lawsuit because this Court lacks the authority to review an order from the United States Tax Court. *See* 26 U.S.C. § 7482(a)(1) ("The United States Court of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have *exclusive* jurisdiction to review the decisions of the Tax Court." (Emphasis added)); *In re Ryskamp*, 558 Fed. App'x 1032, 1033 (2014).

In its present condition, none of Plaintiff's claims give rise to this Court's subject-matter jurisdiction. First, Plaintiff claims that the IRS and the United States wrongfully executed

---

[2] In the 17-1902 T Complaint, Plaintiff references "Tax Court Docket Number 22452-14L." (¶ 1.). Defendant's counsel searched the Tax Court docket. Although the aforementioned docket number appears to be incorrect, counsel did find docket number 22452-15L, filed by petitioner Cary Zolman. The United States Tax Court dismissed Zolman's petition for lack of jurisdiction "on the ground that no notice of deficiency or other notice of determination was issued to petitioner for the taxable years 2008, 2010, 2011, and 2012 that would permit petitioner to invoke the Court's jurisdiction." *Cary A. Zolman v. Commissioner*, No. 22452-15 L (U.S.T.C. May 11, 2016).

4

federal tax liens on Plaintiff's property and failed to remove those liens once satisfied. Because Plaintiff is not a person "other than the person against the tax out of such levy arose," this Court lacks subject-matter jurisdiction to review such claim. 26 U.S.C. § 7426; *see Locke v. United States,* 77 Fed. Cl. 460, 466 (2007). Relatedly, Plaintiff's claim against the employee of the Internal Revenue Service must be dismissed. Although the Internal Revenue Code provides taxpayers legal redress where an agent of the Internal Revenue Service caused damages in pursuit of the collection of federal income taxes, such claims must be brought in a District Court of the United States—not the Court of Federal Claims. *See* 26 U.S.C. §7433(a) (providing taxpayers the right to bring a civil action for damages against the United States in a district court of the United States where an officer of the IRS recklessly, intentionally, or negligently disregards a provision of the Internal Revenue Code); *Ledford v. United States,* 297 F.3d 1378, 1382 n.1 (Fed. Cir. 2002) (dismissing claims brought under Section 7433(a) because "[t]he Court of Federal Claims is not a district court of the United States, and therefore it lacks subject matter jurisdiction over [such] damages claims").

Second, to the extent Plaintiff requests injunctive relief against the United States to cease its enforcement of federal tax liens, this Court does not have jurisdiction, either. *See Brown v. United States,* 105 F.3d 621, 624 (Fed. Cir. 1997). "The Anti–Injunction Act . . . 'flatly prohibits' the grant of injunctive relief regarding IRS collection proceedings." *Schlabach v. United States,* 97 Fed. Cl. 232, 234 (2011) (quoting *Ledford*, 297 F.3d at 1381); *see* 26 U.S.C § 7421.

Finally, Plaintiff's tortious claims and requests for general damages are outside the bounds of this Court's jurisdiction under the Tucker Act, as well. *See* 28 U.S.C. § 1491(a)(1); *Brown*, 105 F.3d at 623 (no jurisdiction over tort actions against the United States).

5

Because this Court does not have jurisdiction over any of the claims that can be discerned from Plaintiff's Complaints, Defendant requests the Court dismiss the Complaints pursuant to RCFC 12(b)(1).

## CONCLUSION

WHEREFORE, based on all of the reasons set forth above, Defendant requests that the Court enter an order dismissing the Complaint for lack of subject-matter jurisdiction.

February 1, 2018

Respectfully submitted,

/s/ Katherine Powers

KATHERINE POWERS
Trial Attorney
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station,
Washington, D.C. 20044
(202) 514-1919
Fax: (202) 514-9440

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Assistant Chief, Court of Federal Claims Section

Of Counsel

## CERTIFICATE OF SERVICE

I certify that service of the foregoing motion to dismiss has, this 1st day of February, 2018, been made on plaintiff, *pro se* by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Cary Zolman
668 Bear Creek Dr.
Hurst, TX 76054

*Katie M. Stevens*
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440